**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JACK RAY WALLACE, | : | |
| Petitioner | : | |
| VS. | : | NO. 5:09-CV-426 (CAR) |
| GEORGIA SUPREME COURT and STATE OF GEORGIA, | : | |
| Respondents | : | **O R D E R** |

Petitioner **JACK RAY WALLACE**, a state prisoner presently incarcerated at Men's State Prison in Hardwick, Georgia, has submitted a "Petition for a Writ of Mandamus."

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## II. BACKGROUND

According to the Georgia Department of Corrections' website, petitioner was convicted in the Superior Court of Ware County of the 1990 murder of his wife and sentenced to life

imprisonment. On May 30, 2000, the Georgia Supreme Court affirmed the conviction and sentence. ***Wallace v. State***, 272 Ga. 501, 530 S.E.2d 721 (2000).

In this action, petitioner asks this Court to order the respondents, the Georgia Supreme Court and the State of Georgia, to grant him a new trial and/or to "up-lift" his "illegal" sentence and remand his case back to the trial court.

### *III. DISCUSSION*

Section 1361 expressly provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The respondents are not officers or employees of the United States. Thus, this Court has no jurisdiction to force respondents to act on petitioner's behalf. ***See e.g., Moye v. Clerk, DeKalb County Superior Court***, 474 F.2d 1275, 1275-76 (5th Cir.1973) (finding that federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.").

To the extent petitioner wishes to challenge his conviction through a habeas petition under 28 U.S.C. § 2254, the Court is aware that petitioner has previously had a petition for writ of habeas corpus denied as time-barred. ***See Wallace v. Chase***, 5:06-cv-89-WTM-JEG (S.D. Ga. 2007). Petitioner may not bring a successive petition without first seeking permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. §§ 2244(b)(3)(A) & 2254. If the Eleventh Circuit were to grant petitioner permission to file a successive habeas petition, said petition should be filed in the United States District Court for the Southern District of Georgia. Such district is the judicial district where Ware County, Georgia is located. ***See*** 28 U.S.C. § 90(c)(4).

## *IV. CONCLUSION*

Because petitioner is not entitled to any federal mandamus relief, his petition is hereby **DISMISSED**.

**SO ORDERED**, this 5th day of January, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE